**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JHAVE'LL MOORE, SR., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 1:18-cv-03318 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| VILLAGE OF MAYWOOD, *et al.,* | ) | Mag. Young B. Kim |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COME Defendants VILLAGE OF MAYWOOD, MAYWOOD POLICE OFFICERS DIAZ, DET #251, OFFICER SEAN EARLY #320, OFFICER SHEMITRAKU, SGT. PEZDEK, OFFICER REILLY, OFFICER ADAMIDES. OFFICER JAREBAKOWSKI #313, OFFICER COBOS, POLICE OFFICERS JANE DOES AND POLICE OFFICERS JOHN DOES, by and through their attorneys, KLEIN, THORPE AND JENKINS, LTD., and answers and provides affirmative defenses to the Plaintiff's Complaint concurrently filed with the Defendant's Rule 12(e) motion for a more definite statement, pursuant to the Northern District of Illinois Standing Order Regarding Mandatory Initial Discovery Pilot Project, Paragraph A.3., as follows:

<u>**COUNT I**</u>

1.    The plaintiff, Jhave'll Moore Sr., at all times relevant herein is a resident of the Village of Maywood, County of Cook and State of Illinois.

**<u>ANSWER</u>:    ADMITTED.**

2.    Upon information and belief, the defendant, Diaz, a Police Officer for the Maywood Police Department, is a resident of County of Cook and State of Illinois.

**<u>ANSWER</u>:    ADMITTED**

3. That on or about April 24, 2017, the plaintiff, Jhave'll Moore Sr., was lawfully inside his grandfather's residence located at 2128 S. 9th Avenue, Maywood, Cook County, Illinois.

**ANSWER**: **THE DEFENDANTS ADMIT THAT THE PLAINTIFF WAS INSIDE THE HOME AT 2128 S. 9TH AVENUE, MAYWOOD, COOK COUNTY, ILLINOIS, BUT DENY THE REMAINING ALLEGATIONS.**

4. That at said time and place, Diaz, a Police Officer for the Village of Maywood Police Department, was acting as a Police Officer for the Maywood Police Department.

**ANSWER**: **THE DEFENDANTS ADMIT THAT OFFICER DIAZ WAS EMPLOYED AS A POLICE OFFICER FOR THE VILLAGE OF MAYWOOD POLICE DEPARTMENT ON APRIL 24, 2017, BUT DENY THE REMAINING ALLEGATIONS IN THIS PARAGRAPH.**

5. The plaintiff, Jhave'll Moore Sr., while lawfully within the residence as aforesaid, was ordered and placed on the floor, handcuffed behind his back and brutally kicked in the mouth and battered about his body by Officer Diaz, a Police Officer for the Maywood Police Department.

**ANSWER**: **THE DEFENDANTS ADMIT THAT THE PLAINTIFF WAS ORDERED ONTO THE FLOOR AND HANDCUFFED BEHIND HIS BACK. THE DEFENDANTS DENY THE REMAINING ALLEGATIONS OF THIS PARAGRAPH.**

6. At this time and at all relevant times prior to this occurrence, the plaintiff did nothing to incite or cause this wrongful attack by the defendant, Diaz, a Police Officer for the Village of Maywood.

**ANSWER**: **DENIED.**

7. This wrongful attack was willful and malicious.

**ANSWER**: **DENIED.**

8. As a result of this wrongful attack and battering, the plaintiff suffered great anxiety and physical and emotional distress. Plaintiff incurred substantial expenses for the medical care and treatment of these injuries.

**ANSWER:** DENIED.

WHEREFORE, the plaintiff, Jhave'll Moore Sr., prays for judgment against the defendant, Diaz, a Police Officer for the Maywood Police Department, in a sum less than One Hundred Thousand ($100,000.00) Dollars and his attorney's fees and costs of suit pursuant to the Civil Code of Procedure, Illinois Revised Statutes, 1982, Chapter 110.

**ANSWER:** THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO ANY RELIEF AGAINST OFFICER DIAZ IN ANY WAY, OR THAT ANY OF THE DEFENDANTS ARE LIABLE IN ANY WAY TO HIM RELATIVE TO THE EVENTS OF APRIL 24, 2017. THE DEFENDANTS ALSO ANSWER THIS PRAYER FOR RELIEF BY STATING THAT IT IS UNCLEAR UNDER WHAT STATUTE, COMMON LAW, CASE LAW OR CONSTITUTIONAL PROVISION THIS COUNT IS PLED, AND THEREFORE THE DEFENDANTS DENY THAT ANY SUCH CLAIM FOR RELIEF EXISTS. THE DEFENDANTS ALSO SPECIFICALLY DENY THAT THE PLAINTIFF IS ENTITLED TO ANY MONETARY COMPENSATION RELATED TO THIS COUNT.

### COUNT II

1. This count is plaintiff's claim against the defendant, Diaz, a Police Officer for the Maywood Police Department.

**ANSWER:** THE DEFENDANTS ADMIT THAT THIS COUNT DOES CONTAIN ALLEGATIONS AGAINST OFFICER DIAZ.

2. This count is brought pursuant to the laws of the United States Constitution, specifically, Title 42, U.S.C. Sections 1983 and 1988 and the laws of the State of Illinois to redress deprivations of civil rights of the plaintiff accomplished by the acts of this defendant committed under the color of law.

**ANSWER:** THE DEFENDANTS ADMIT THAT THE PLAINTIFF HAS INVOKED THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983 AND 1988

**IN THIS COMPLAINT. THE DEFENDANTS DENY THE REMAINING ALLEGATIONS IN THIS PARAGRAPH.**

3. The defendant, Diaz, a Police Officer for the Maywood Police Department, is and at all time relevant herein was employed as a police officer for the Village of Maywood Police Department.

**ANSWER: ADMITTED.**

4. Under the rules and regulations of the Village of Maywood Police Department, its officers are vested with the authority of their office at all times.

**ANSWER: THE DEFENDANTS DENY THAT THE RULES AND REGULATIONS OF THE VILLAGE OF MAYWOOD ARE THE ONLY SOURCE OF THE POLICE POWER OR LIMITATIONS ON POWER FOR THE MAYWOOD POLICE DEPARTMENT. THE DEFENDANTS FURTHER DENY THAT ANY INDIVIDUAL OFFICER MAY BE FOUND CIVILLY LIABLE UNDER 42 U.S.C. 1983 SOLELY FOR VIOLATIONS OF VILLAGE OF MAYWOOD RULES AND REGULATIONS. THE DEFENDANTS ADMIT THAT VILLAGE OF MAYWOOD POLICE OFFICERS ARE VESTED WITH THE AUTHORITY OF THEIR OFFICE AT ALL TIMES. THE DEFENDANTS DENY THE REMAINING ALLEGATIONS IN THIS PARAGRAPH.**

5. At all times relevant herein, the defendant, Diaz, a Police Officer for the Maywood Police Department, was operating under the color of law and within the scope of his employment as a police officer for the Village of Maywood.

**ANSWER: ADMITTED.**

6. On April 24, 2017, Diaz, a Police Officer for the Maywood Police Department, (after placing the plaintiff face down on the floor and handcuffing him behind his back,) kicked the plaintiff, Jhave'll Moore Sr., in his mouth and battered him and thereupon caused this plaintiff to incur severe and permanent physical injuries. As a result of the injuries inflicted by this defendant, the plaintiff, Jhave'll Moore Sr., was caused to expend substantial monies for medical care and treatment and will incur extensive expenses for medical care and treatment in the future.

**ANSWER**:   THE DEFENDANTS ADMIT THAT THE PLAINTIFF WAS ARRESTED ON APRIL 24, 2017, AND WAS HANDCUFFED DURING THE COURSE OF THE ARREST.  THE DEFENDANTS DENY THE REMAINDER OF THE ALLEGATIONS IN THIS PARAGRAPH.

7.   As a result of the attack upon the plaintiff by defendant, Diaz, a Police Officer for the Maywood Police Department, the plaintiff suffered the loss of other civil rights guaranteed by the laws of the Constitution of the United States and of the State of Illinois.

**ANSWER**:   **DENIED.**

8.   The above mentioned kicking and battering of the plaintiff by the defendant, Diaz, a Police Officer for the Maywood Police Department, was unprovoked by the plaintiff.

**ANSWER**:   **DENIED.**

9.   This kicking and battering by the defendant, Diaz, a Police Officer for the Maywood Police Department, was willful and reckless and performed with the intent to cause serious injury upon the plaintiff.

**ANSWER**:   **DENIED.**


WHEREFORE, Plaintiff, Jhave'll Moore Sr., prays for judgment against the defendant, Diaz, a Police Officer for the Maywood Police Department, in his capacity as a police officer in a sum less than One Hundred Thousand ($100,000.00) Dollars and other damages deemed fit and proper under the applicable provisions of the United States Constitution, the State of Illinois Constitution and the applicable rules of the Illinois Code of Civil Procedure.


**ANSWER**:   THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO ANY RELIEF AGAINST OFFICER DIAZ IN ANY WAY, OR THAT ANY OF THE DEFENDANTS ARE LIABLE IN ANY WAY TO HIM RELATIVE TO THE EVENTS OF APRIL 24, 2017.  THE DEFENDANTS ALSO ANSWER THIS PRAYER FOR RELIEF BY STATING THAT IT IS UNCLEAR UNDER WHAT CONSTITUTIONAL PROVISION THIS SECTION 1983 COUNT IS PLED, AND THEREFORE THE

DEFENDANTS DENY THAT ANY SUCH CLAIM FOR RELIEF EXISTS.
THE DEFENDANTS ALSO SPECIFICALLY DENY THAT THE
PLAINTIFF IS ENTITLED TO ANY MONETARY COMPENSATION
RELATED TO THIS COUNT.

## COUNT III

1. This count is plaintiff's claim against Officer Diaz, Det #251, Officer Sean Early #320, Officer Shemitraku, Sgt. Pezdek, Officer Reilly, Officer Adamides, Officer Jarebakowski #313, Officer Cobos, Maywood Police Officers Jane Does and Maywood Police Officers John Does, for false arrest, false imprisonment and malicious prosecution under the laws of the State of Illinois.

**ANSWER**: **THE DEFENDANTS ADMIT THAT THE PLAINTIFF HAS MADE CERTAIN ALLEGATIONS AGAINST THE DEFENDANTS NAMED IN THIS PARAGRAPH, BUT DENY THAT THE PLAINTIFF HAS ADEQUATELY IDENTIFIED WHICH DEFENDANT(S) DID WHICH ACTS OR PARTICIPATED IN WHICH ACTS, OR THAT THE PLAINTIFF IS ENTITLED TO ANY RELIEF FOR FALSE ARREST, FALSE IMPRISONMENT OR MALICIOUS PROSECUTION PURUSANT TO THE LAWS OF THE STATE OF ILLINOIS.**

2. That on April 24, 2017, the defendants, Officer Diaz, Det. #251, Officer Sean Early #320, Officer Shemitraku, Sgt. Pezdek, Officer Reilly, Officer Adamides, Officer Jarebakowski #313, Officer Cobos, Maywood Police Officers Jane Does and Maywood Police Officers John Does, falsely and maliciously and without any reasonable or probable cause whatsoever, but with intent to injure plaintiff, Jhave'll Moore Sr.'s good name, and to bring him into public scandal and disgrace, and to cause plaintiff to be deprived of his liberty, did in the presence of one or more police officers of the Village of Maywood, charge and accuse plaintiff with committing the offense of possession of a controlled substance in violation of the Illinois Revised Statutes.

**ANSWER**: **THE DEFENDANTS ADMIT THAT ON APRIL 24, 2017, THE PLAINTIFF WAS CHARGED WITH SEVERAL VIOLATIONS OF THE**

**ILLINOIS CRIMINAL CODE. THE DEFENDANTS DENY THE REMAINDER OF THIS PARAGRAPH.**

3.      The defendants, Officer Diaz, Det #251, Officer Sean Early #320, Officer Shemitraku, Sgt. Pezdek, Officer Reilly, Officer Adamides, Officer Jarebakowski #313, Officer Cobos, Maywood Police Officers Jane Does and Maywood Police Officers John Does acting as Maywood Police Officers did thereafter cause the plaintiff to be wrongfully held and detained in the custody of the Maywood Police Department. This detention was without merit and against the will of the plaintiff, Jhave'll Moore Sr.

**ANSWER:      THE DEFENDANTS ADMIT THAT ON APRIL 24, 2017, THE PLAINTIFF WAS DETAINED PURSUANT TO ARREST AND CRIMINAL CHARGES. THE DEFENDANTS DENY THE REMAINDER OF THIS PARAGRAPH.**

4.      The defendants, Officer Diaz, Det #251, Officer Sean Early #320, Officer Shemitraku, Sgt. Pezdek, Officer Reilly, Officer Adamides, Officer Jarebakowski #313, Officer Cobos, Maywood Police Officers Jane Does and Maywood Police Officers John Does acting as Maywood Police Officers did thereafter cause the plaintiff, Jhave'll Moore Sr., to be wrongfully prosecuted for the charges of Resisting Arrest and Harboring a Runaway in the Circuit Court of Cook County. During this prosecution, these defendants, Officer Diaz, Det #251, Officer Sean Early #320, Officer Shemitraku, Sgt. Pezdek, Officer Reilly, Officer Adamides, Officer Jarebakowski #313, Officer Cobos, Maywood Police Officers Jane Does and Maywood Police Officers John Does acting as Maywood Police Officers, continued to wrongfully accuse the plaintiff, render false testimony against him and did otherwise pursue a wrongful and willful prosecution against the plaintiff and did thereby abuse the court procedures in the Circuit Court of Cook County.

**ANSWER:      THE DEFENDANTS ADMIT THAT THE PLAINTIFF WAS PROSECUTED FOR VIOLATIONS OF THE ILLINOIS CRIMINAL CODE, NAMELY, HARBORING A RUNAWAY (720 ILCS 5/10-6(a)) AND TWO COUNTS OF RESISTING OR OBSTRUCTING A PEACE OFFICER (720 ILCS 5/31-1), AND THAT THESE CHARGES OCCURRED UNDER THE JURISDICTION AND AUTHORITY OF THE CIRCUIT COURT**

**OF ILLINOIS, COOK COUNTY. THE DEFENDANTS DENY THE**

**REMAINDER OF THIS PARAGRAPH.**

5. In their actions which resulted in the false arrest and malicious prosecution of the plaintiff, Jhave'l1 Moore Sr., the defendants, Officer Diaz, Det #251, Officer Sean Early #320, Officer Shemitraku, Sgt. Pezdek, Officer Reilly, Officer Adamides, Officer Jarebakowski #313, Officer Cobos, Maywood Police Officers Jane Does and Maywood Police Officers John Does acting as Maywood Police Officers, were aided by other members of the Maywood Police Department.

**ANSWER:** **DENIED.**

6. This activity by the Defendants was initiated to obfuscate and prejudice Plaintiff's claim against these police officers for their wrongful kicking and battering of the Plaintiff as described in Count I of this Complaint.

**ANSWER:** **DENIED.**

7. This activity by the defendants, Officer Diaz, Det #251, Officer Sean Early #320, Officer Shemitraku, Sgt. Pezdek, Officer Reilly, Officer Adamides, Officer Jarebakowski #313, Officer Cobos, Maywood Police Officers Jane Does and Maywood Police Officers John Does acting as Maywood Police Officers and other members of the Maywood Police Department occurred within the expressed or implied rules of conduct promulgated by the Maywood Police Department.

**ANSWER:** **DENIED.**

8. The plaintiff, Jhave'll Moore Sr., was not guilty of the charges wrongfully placed against him and prosecuted by these defendants against him.

**ANSWER:** **THE PLAINTIFFS ADMIT THAT THE PLAINTIFF WAS NEVER**

**FOUND GUILTY OF THE CHARGES AGAINST HIM, BECAUSE THE**

**COOK COUNTY STATE'S ATTORNEY'S OFFICE CHOSE TO DISMISS**

**THE CHARGES PRIOR TO TRIAL. THE DEFENDANTS DENY THE**

**REMAINDER OF THIS PARAGRAPH.**

9. On or about September 13, 2017, at the Maybrook Courthouse in courtroom 106, the criminal case against the plaintiff, Jhave'll Moore Sr., was set for trial and on that date and time the State dismissed the criminal cases against him and a motion state nolle proseque was entered by the sitting Judge of the Circuit Court of Cook County.

**ANSWER:** **THE DEFENDANTS LACK SUFFICIENT INFORMATION TO EITHER ADMIT OR DENY THIS PARAGRAPH.**

10. By reason of the false arrest, false imprisonment and malicious prosecution performed by the defendants, Officer Diaz, Det #251, Officer Sean Early #320, Officer Shemitraku, Sgt. Pezdek, Officer Reilly, Officer Adamides, Officer Jarebakowski #313, Officer Cobos, Maywood Police Officers Jane Does and Maywood Police Officers John Does acting as Maywood Police Officers and other members of the Maywood Police Department and the Village of Maywood, the plaintiff, Jhave'll Moore Sr., has been greatly injured. By reason of the foregoing wrongful acts of these defendants, the plaintiff has suffered anxiety and pain of body and mind and has been obligated to pay out and did pay out large sums of money in order to defend himself from these charges wrongfully placed against him.

**ANSWER:** **DENIED.**

WHEREFORE, Plaintiff, Jhave'll Moore Sr., prays for judgment against the Defendants, Officer Diaz, Det #251, Officer Sean Early #320, Officer Shemitraku, Sgt. Pezdek, Officer Reilly, Officer Adamides, Officer Jarebakowski #313, Officer Cobos, Maywood Police Officers Jane Does and Maywood Police Officers John Does acting as Maywood Police Officers and other members of the Maywood Police Department and the Village of Maywood and each of them, in a sum less than ONE HUNDRED THOUSAND ($100,000.00) DOLLARS and his costs of suit pursuant to Chapter 110 of the Illinois Code of Civil Procedure, Illinois Revised Statutes, 1982.

**ANSWER:** **THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO ANY RELIEF AGAINST THE DEFENDANTS IN ANY WAY, OR THAT ANY OF THE DEFENDANTS ARE LIABLE IN ANY WAY TO HIM RELATIVE TO THE EVENTS OF APRIL 24, 2017, OR THE RELATED CRIMINAL CHARGES AND PROSECUTION. THE DEFENDANTS ALSO SPECIFICALLY DENY THAT THE PLAINTIFF IS ENTITLED TO ANY MONETARY COMPENSATION RELATED TO THIS COUNT.**

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense (as to Count III)**

1. The Plaintiff alleges in Count III of the Complaint that the Defendants' committed false arrest, false imprisonment and malicious prosecution under Illinois law.

2.      Defendant Officers are entitled to immunity as to Plaintiff's state law claims under Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

3.      745 ILCS 10/2-202 sets forth that public employees are not liable for an "act or omission in the execution of enforcement of any law unless such act or omission constitutes willful and wanton conduct."

4.      Willful and wanton conduct is defined as "a course of action which shows an actual or deliberate intention to cause harm, or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210.

5.      Defendant Officers did not act with deliberate intention to cause harm or utter indifference to or conscious disregard for the safety of others.

6.      Defendant Officers' alleged actions were justified in order to protect the safety of the Defendant Officers.

7.      Defendant Officers are entitled to immunity for the state law allegations.

WHEREFORE, Defendant Officers request that Count III be dismissed with prejudice.

### Second Affirmative Defense (as to Count III)

1.      The Plaintiff alleges in Count III of the Complaint that the Defendants' committed false arrest, false imprisonment and malicious prosecution under Illinois law.

2.       Defendant Officers are entitled to immunity from the allegations in Count III.

3.      The Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204 provides that "a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person."

4.      If the evidence shows that the act or omission of another person caused the alleged injury, Defendant Officers are entitled to immunity from the state law claims for the alleged actions that were within the scope of their employment.

**<u>Third Affirmative Defense – Qualified Immunity</u>**

1.      Qualified immunity should shield the Defendant Officers from liability regarding the entirety of Plaintiff's Section 1983 claims.

2.      Under the qualified immunity doctrine, "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lanigan v. Village of East Hazel Crest, Illinois*, 110 F.3d at 467 (quoting *Harlow v. Fitzgerald*, 457 U.S. at 818, 102 S.Ct. at 2738 (1982)). The purpose of the qualified immunity defense is to protect all but the plainly incompetent or those who knowingly violate the law. *Humphrey v. Staszak*, 148 F.3d at 727 (7th Cir. 1998).

3.      In this case, the Defendant Officers' actions did not violate clearly established statutory or constitutional rights of the Plaintiff of which a reasonable officer would have known, nor did the Defendant Officers knowingly violate constitutional law.

**WHEREFORE,** the Defendants respectfully pray that this Court enter judgment against Plaintiff and in their favor on Counts I, II and III, dismiss said claims, and award the Defendants' attorney's fees and costs, and any other relief this Court deems just.

Respectfully submitted,

/s/ Jacob Karaca

Jacob Karaca, one of the Attorneys for the Village of Maywood, Maywood Police Officers Diaz, Det #251, Officer Sean Early #320, Officer Shemitraku, Sgt. Pezdek, Officer Reilly, Officer Adamides. Officer Jarebakowski #313, Officer Cobos, Police Officers Jane Does and Police Officers John Does

Jacob H. Karaca

Caitlyn A. Frenzer
Klein, Thorpe & Jenkins, Ltd.
20 N. Wacker Drive – Suite 1660
Chicago, IL  60606
312-984-6400
jhkaraca@ktjlaw.com
cafrenzer@ktjlaw.comg