IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JHAVE'LL MOORE, | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 2018 CV 3318 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| VILLAGE OF MAYWOOD, et. al., | ) | Mag. Young B. Kim |
| | ) | |
|     Defendants. | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

Now comes the Plaintiff, Jhave'll Moore Sr., by his Attorneys, Mondry & Mondry, Attorneys at Law, and complaining of Defendants, Village of Maywood, Maywood Police Officer Diaz, Det #251, Officer Sean Early #320, Officer Shemitraku, Sgt. Pezdek, Officer Reilly, Officer Adamides, Officer Jarebakowski #313, Officer Cobos, Maywood Police Officers Jane Does and Maywood Police Officers John Does, states as follows:

**INTRODUCTION**

1) This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

**JURISDICTION**

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**VENUE**

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial District and the events described herein all occurred within this District.

1

## THE PARTIES

4) The Plaintiff, Jhave'll Moore, is a 32 year old African American person, born in Chicago, Illinois, is a citizen of the United States, who, at the time of the events complained of, resided in the Maywood, Illinois.

5) The Defendants, Maywood Police Officer Diaz, Det #251, Officer Sean Early #320, Officer Shemitraku, Sgt. Pezdek, Officer Reilly, Officer Adamides, Officer Jarebakowski #313, Officer Cobos, Maywood Police Officers Jane Does and Maywood Police Officers John Does were at all relevant times duly appointed police officers for the Village of Maywood Police Department acting within their scope of employment and under color of law.

6) Defendant Village of Maywood is the employer and principal of the Defendant Officers.

## FACTS

7) Plaintiff, Jhave'll Moore Sr., at all times relevant herein is a resident of the Village of Maywood, County of Cook and State of Illinois.

8) Upon information and belief, Defendant Diaz, a Police Officer for the Maywood Police Department, is a resident of County of Cook and State of Illinois.

9) That on or about April 24, 2017, at approximately 8:39 p.m., Plaintiff, Jhave'll Moore Sr., was lawfully inside his grandfather's residence located at 2128 S. 9th Avenue, Maywood, Cook County, Illinois.

10) Then and there, Defendants were dispatched to said aforementioned address for "juveniles trespassing in an abandoned property."

11) That at said time and place, Diaz, a Police Officer for the Village of Maywood Police Department, was acting as a Police Officer for the Maywood Police Department.

12) While Plaintiff, Jhave'll Moore Sr., was lawfully within the residence as aforesaid, Defendants forcibly "smashed open the backdoor," made entry into the residence and then one or more of the Defendant officers then confronted, stopped, seized, and/or arrested Plaintiff, Jhave'll Moore, Sr and then ordered him to and placed him on the floor and handcuffed him behind his back.

13) Officer Diaz, a Police Officer for the Maywood Police Department then willfully and maliciously caused bodily harm to Plaintiff without any legal justification when he brutally kicked Plaintiff in the mouth and battered him about his body in the presence of the other Defendants.

14) Defendant Diaz did not have a reasonable basis for using any force, or, the amount of force he used against Plaintiff.

15) At this time and at all relevant times prior to this occurrence, Plaintiff did nothing to incite or cause this wrongful attack by Defendant Diaz, a Police Officer for the Village of Maywood.

16) At all times relevant to the allegations contained in this complaint, no cause, legal or otherwise, existed for Defendant Diaz to assault and commit a battery upon Plaintiff.

17) The physical violence inflicted upon Plaintiff by Defendant Diaz was excessive, unnecessary, and unreasonable.

18) During Defendant Diaz's use of force against the Plaintiff, the other Defendants were present and nearby, observed the use of force, and failed to intervene despite having a reasonable opportunity to do so.

## COUNT I—EXCESSIVE FORCE

### (Against Defendant Diaz)

19) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

20) The actions of Defendant Diaz as set forth hereto constitute excessive force and against

Plaintiff, thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

21) Said actions of Defendant Diaz were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

22) Said actions of Defendant Diaz were objectively unreasonable under the circumstances.

23) As a direct and proximate consequence of Defendant Diaz's conduct, the Plaintiff suffered damages, including without limitation, violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Diaz for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II --FAILURE TO INTERVENE
### (Against all other Defendant Officers)

24) Plaintiff hereby incorporates paragraphs 1) through 18) above as though fully set forth herein.

25) The actions of all other Defendant officers as set forth hereto constitute failure to intervene on Plaintiff's behalf thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

26) Said actions of the Defendants were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

27) Said actions of the Defendant officers were objectively unreasonable under the circumstances.

28) As a direct and proximate consequence of the Defendants' conduct, the Plaintiff suffered

4

damages, including without limitation, violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant officers for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

### COUNT III--INDEMNIFICATION

29) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

30) At all relevant times, Defendant, Village of Maywood, was the employer of all Defendant Officers.

31) All Defendant officers committed the acts alleged above under the color of law and in the scope of their employment as employees of the Village of Maywood.

32) In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

33) As a proximate cause of Defendant officers' unlawful acts, which occurred within the scope of their employment, Plaintiff was injured.

**WHEREFORE**, should one or more of Defendants be found liable on the federal claim set forth above, Plaintiff demands Defendant Village of Maywood be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

**Plaintiff demands a jury trial on each count of this Complaint.**

Respectfully submitted,

Karen M. Mondry, Esq.

Mondry & Mondry, Attorneys at Law

1300 Maybrook Square Maywood, Illinois 60153

T 708·343-6000 F 708-343-6006 karen@mondryandmondrylaw.com

*Karen M. Mondry*
Karen M. Mondry, Attorney for Plaintiff